# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DARRYL EDDIE LEE,**

    Plaintiff,

  -vs-                                              Case No. 13-C-1272

**CAROLYN COLVIN,**
**Acting Commissioner of Social Security**

    Defendant.

## DECISION AND ORDER

Darryl Eddie Lee appeals the denial of his application for disability benefits and supplemental security income. The Administrative Law Judge found that Lee could perform the full range of light work in spite of degenerative disc disease of Lee's lumbar spine.

On review before the Appeals Council, Lee submitted a report from his treating physician, Dr. Michael Weinstein. The Appeals Council denied Lee's request for review, writing as follows:

> In looking at your case, we considered the additional evidence listed on the enclosed Order of Appeals Counsel.
>
> We considered whether the [ALJ's] actions, findings, or conclusion is contrary to the weight of evidence of record. We found that this information does not provide a basis for changing the [ALJ's] decision. (R. 2).

The Appeals Council is required to evaluate "new and material" evidence in determining whether a case qualifies for review. 20 C.F.R. § 404.970(b). As an initial matter, the Commissioner argues that Dr. Weinstein's opinion is not "new" evidence because it predates the ALJ's decision. For purposes of this regulation, however, new evidence is simply evidence that was new to the administrative record at the time of Lee's application to the Appeals Council. *Farrell v. Astrue*, 692 F.3d 767, 771 (7th Cir. 2012). Dr. Weinstein's report is also material because he sets forth limitations that would preclude the ability to perform the full range of light work. R. 541-42 (noting, e.g., that Lee can barely walk 30 feet, needs to ambulate with a cane, and can sit and stand, respectively, for only 20 minutes at a time); 20 C.F.R. § 404.1567 (Light work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls").

In *Farrell*, the Seventh Circuit observed that the above-quoted language, stating that the Appeals Council "considered … the additional evidence … [and] found that this information does not provide a basis for

changing the [ALJ's] decision … is not as clear as it might be. On the one hand, it might indicate that the Appeals Council found the proffered new evidence to be immaterial, but on the other hand it might indicate that the Council accepted the evidence as material but found it insufficient to require a different result." 692 F.3d at 771. The court then concluded that the foregoing language should be construed as stating that the Appeals Council has rejected the new evidence as "non-qualifying under the regulation." *Id.* As this Court already explained, the evidence Lee presented to the Council *is* qualifying under the regulation. Therefore, the Council erred as a matter of law in rejecting Dr. Weinstein's report without a proper evaluation. *Id.* at 772 ("Appeals Council committed legal error by ignoring Dr. Loyd's opinion in its decision to reject Farrell's appeal").

Moreover, the ALJ's RFC determination is not supported by substantial evidence that was in the administrative record. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion"). The ALJ stated that "the evidence of record does not fully substantiate the claimant's allegations," R. 19, but the ALJ essentially ignored Lee's medically established limitations in standing, walking, sitting, reaching, and exposure to environmental irritants. *See, e.g.*, Report

of Dr. Melzer, R. 291 (low back pain with radiation of the right leg, right shoulder pain); Report of Dr. Gorelick, R. 522 ("Standing and walking are difficult because of the leg and back"); Report of Dr. Weinstein, R. 532 ("Hit by car in January, 2013, … Had x-rays, was given pain pills, but still has pains in left leg, especially when standing. Taking Vicodin. In activity worsens pain"). At minimum, it appears obvious that Lee cannot perform the full range of light work. Therefore, the Court will "follow the procedure that normally applies when the Appeals Council denies review and remand to the ALJ" because reversal is warranted "without regard to the error committed by the Appeals Council." *Farrell*, 692 F.3d at 768.

For all of the foregoing reasons, the Commissioner's denial of benefits is **REVERSED**, and this matter is **REMANDED** for further proceedings pursuant to 42 U.S.C. § 405(g) (sentence four).

Dated at Milwaukee, Wisconsin, this 14th day of July, 2015.

                                          **SO ORDERED:**

                                          */s/ Rudolph T. Randa*
                                          **HON. RUDOLPH T. RANDA**
                                          **U.S. District Judge**